## JONES v. CARRUTHERS.

DIMINUTION OF RECORD — *will not be noticed if error appear.* A bill of exceptions in the record was not questioned, but it was alleged that another bill of exceptions remained in the court below. Error appearing in the bill of exceptions contained in the transcript on file a suggestion of diminution of the record will not be noticed.

DEPOSITIONS — *taken without notice.* Unless notice of the time and place of taking depositions be given to the opposite party, they cannot be read upon the trial of the cause.

*Error to Probate Court, Park County.*

Mr. L. C. ROCKWELL, for plaintiff in error.

Mr. J. MARSHALL PAUL and Mr. S. E. BROWN, for defendant in error.

HALLETT, C. J.   This cause was submitted to the court upon the twenty-eighth day of July last, and the parties then entered into a written stipulation to the effect that the plaintiff in error should file abstracts and copies of his arguments by the first day of October following, and that the defendant in error should join in error and file copies of his argument by the first day of November following.   The argument of counsel for plaintiff in error was filed on the thirtieth day of September last, according to the terms of the agreement, but no argument upon the error assigned has been filed by counsel for defendant in error.   We find among the papers in the cause a suggestion of diminution of the record filed October 31, 1870, which charges that a bill of exceptions, differing from that now before us, has been omitted from the transcript of the record.   Nothing is said as to the nature of the difference between the omitted exceptions and those now before us, nor is it alleged that the bill of exceptions given in the transcript of the record on file in this court is incorrect in any particular.   Accepting the present exceptions, which we find in the transcript, as truly taken, we perceive that there is error in the record, and therefore it is not necessary to await the production of other portions of the record.   Upon the trial of the cause, certain depositions were read in evidence on behalf of defendant in error, and it does not appear that plaintiff in error ever had notice of the time and place of taking such depositions.   It is hardly necessary to say that depositions of witnesses cannot be given in evidence unless notice be given of the time and place of taking them, according to the provisions of the statute.   Counsel for plaintiff in error objected to the reading of these depositions upon the trial below, and excepted to the ruling of the court in admitting them to be read in evidence, and therefore he may renew his objection here.

The judgment of the probate court is reversed, with costs, and the cause is remanded.

*Reversed.*